UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR11-131MJP |
| Plaintiff, | ORDER ON MOTIONS TO SEVER |
| v. | |
| DREW YIM and SVETLANA ANGEL YIM, | |
| Defendants. | |

This matter comes before the Court on Svetlana Angel Yim's Motion to Sever in which Drew Yim has joined (Dkt. Nos. 365, 376), and Drew Yim's Motion to Sever in which Svetlana Angel Yim has joined (Dkt. Nos. 362, 363, 384). The Court has reviewed the motions, the responses (Dkt. Nos. 409, 410), the replies (Dkt. No. 422), and all related papers, and the Court held oral argument on both motions on January 10, 2012. The Court makes the following rulings: (1) the Court GRANTS in part and DENIES in part Svetlana Angel Yim's motion to sever counts; (2) the Court RESERVES RULING on Svetlana Angel Yim's motion to sever trials; and (3) the Court RESERVES RULING on Drew Yim's motion.

**Background**

The government has charged Drew Yim and Svetlana Yim, among others, with running a large-scale drug trafficking operation based in Washington. (Second Superseding Indictment ("SSI") at 1-2.) Members of the drug trafficking organization allegedly sold and distributed cocaine, MDMA, marijuana and methamphetamine, and engaged in both money laundering and wire fraud. Drew and Svetlana have been married throughout the relevant time period and are still married. Both are indicted on charges of drug conspiracy, wire fraud, and money laundering conspiracy. Svetlana alone is charged with health care fraud. Both are accused of using money derived from drug trafficking to obtain loans to purchase homes, which is the basis for the money laundering conspiracy charge and wire fraud charges. The government contends that both made false representations about their income, employers, and occupations in obtaining the mortgage loans. Svetlana alone is charged with committing health care fraud by providing false information about both her and her husband's income and employment status.

**Analysis**

A.   Svetlana Yim: Improper Joinder

Svetlana Yim argues that the conspiracy and fraud counts are misjoined. The Court finds only that the health care fraud count is improperly joined to the other fraud and conspiracy counts.

An indictment may charge a defendant with separate counts if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). To satisfy joinder, at least one of these three conditions must be met., although only the "same or similar character" and "common scheme or plan" elements are relevant to Svetlana Yim's motion. United States v. Jawara, 462

F.3d 1173, 1180 (9th Cir. 2006). The Court starts with the proposition that "Rule 8 has been broadly construed in favor of initial joinder." Id. (citation and quotation omitted). "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990). If joinder is not proper, then severance is proper only if the defendant shows actual prejudice that will unduly influence the jury's verdict. Jawara, 462 F.3d at 1186.

The definition of common scheme or plan has been interpreted to permit joinder where "the counts grow out of related transactions." Jawara, 462 F.3d at 1180 (quotation omitted). "Stated another way, we ask whether '[c]ommission of one of the offenses [ ]either depended upon [ ]or necessarily led to the commission of the other; proof of the one act [ ]either constituted [ ]or depended upon proof of the other.'" Id. (quoting United States v. Halper, 590 F.2d 422, 429 (2d Cir. 1978)). "When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." United States v. Anderson, 642 F.2d 281, 284 (9th Cir. 1981). "[S]uch cases typically involve a concrete connection between the offenses that goes beyond mere thematic similarity." Jawara, 462 F.3d at 1181.

The "same or similar character" prong of Rule 8(a) requires the Court to consider several factors to weigh the propriety of joinder. The Ninth Circuit has held "it appropriate to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the 'same or similar character' prong of Rule 8(a)." Jawara, 462 F.3d at 1184-85. For example, in Jawara, the court found a lack of same or similar character where the two charges involved

different statutory offenses requiring proof of different elements, involved a three-and-a-half year gap in time, and a lack of thematic connection between the crimes. Id. at 1185.

As to the health care fraud count, the Court finds a lack of same or similar character—the sole basis on which the government suggests joinder is proper. Svetlana Yim is charged with aiding her husband's drug trafficking conspiracy by engaging in money laundering and wire fraud in Counts 1, 5, 10, and 11. She allegedly signed false loan documents wherein she and her husband misstated that they were employed by a company Snag Fillet and Release (except on one application) and earned substantial monthly income. In Count 9 she is charged with falsely stating that she was employed by Snag Fillet and Release and that she earned $2,500 in monthly income when applying for medical assistance. The only similarity between Count 9 and the others is the alleged misstatement about employment and income. The count does not relate to any attempts to launder money or further a drug trafficking conspiracy. The count is thematically unrelated to the others and occurred nearly five months after the last purportedly false mortgage application. While the government argues that the proof of Count 9 will overlap with the others, the Court does not find this sufficient to sustain joinder. The Court also agrees that Svetlana Yim will face prejudice if this sole count is tried with the other unrelated charges. It will require a substantial amount of evidence and proof about drug trafficking, money laundering, and wire fraud to be presented before the isolated health care fraud is tried. The Court finds this sufficient to show actual prejudice that will unduly influence the jury's verdict. The Court GRANTS the motion for improper joinder as to Count 9, and SEVERS it from the others. Any trial on this count will be conducted after all other counts are tried.

The Court finds that as charged, Counts 1, 5, 10, and 11 are part of a common scheme or plan or are of the same or similar character sufficient to satisfy Rule 8(a). The counts allege that

Svetlana Yim furthered the drug trafficking conspiracy by assisting in the laundering of the proceeds by applying for mortgage loans. The money wire fraud counts are part and parcel of these same allegations. These thematically-related transactions will share a large amount of overlapping and common proof. This is sufficient to show proper joinder. Jawara, 462 F.3d at 1180. The Court DENIES the motion as to these counts.

B. <u>Severance Based on Marital Privileges</u>

Both Drew and Svetlana Yim move to sever their trials to avoid any risk that the other invokes a marital privilege barring the other from providing exculpatory evidence. The Court does not find this issue ripe for determination.

"Co-defendants jointly charged are, <u>prima facie</u>, to be jointly tried." See <u>United States v. Mariscal</u>, 939 F.2d 884, 885 (9th Cir. 1991) (citation omitted, emphasis in original). Severance is only granted where the joinder of defendants would prejudice one or the other defendants. Fed. R. Crim. P. 14(a). The defendant must show that he would suffer clear, manifest or undue prejudice from a joint trial. <u>United States v. Joetzki</u>, 952 F.2d 1090, 1094 (9th Cir. 1991). "Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit the applicability of the evidence to each defendant." <u>United States v. Vaccaro</u>, 816 F.2d 443, 448 (9th Cir. 1987). "The primary concern is whether the jury will be able to segregate the evidence applicable to each defendant and follow the limiting instructions of the court as they apply to each defendant." <u>Id.</u> at 448-49.

There are two marital privileges: (1) the right to refuse to testify against one's spouse; and (2) the right to bar the testimony about or the revelation of confidential communications made during a valid marriage. The Supreme Court has held that a spouse may testify over the objection of his wife or her husband as to statements made during a valid marriage that are made

in the presence of others. United States v. Trammel, 445 U.S. 40, 43, 53 (1980). Similarly, the spouse may refuse to tesify by invoking this testimonial privilege. Id.; see United States v. Ramos-Oseguera, 120 F.3d 1028, 1042 (9th Cir. 1997) overruled on other grounds by United States v. Nordby, 225 F.3d 1053, 1059 (9th Cir. 2000). This privilege is applicable only if the two individuals are married at the time the testimony is elicited. See United States v. Vo, 413 F.3d 1010, 1016 (9th Cir. 2005) (citing United States v. Montgomery, 384 F.3d 1050, 1056 (9th Cir. 2004)). A second privilege exists as to statements made during a valid marriage that are confidential. These are subject to the marital communications privilege. See Montgomery, 384 F.3d at 1056. This privilege may be asserted by either spouse and it does not matter if the spouses are separated at the time the testimony is sought to be elicted. Ramos-Oseguera, 120 F.3d at 1042 (discussing who may assert the privilege); United States v. Marashi, 913 F.2d 724, 730 (9th Cir. 1990) (holding that marital status is relevant only as to when the original communications were made). However, "the marital communications privilege does not apply to communications having to do with present or future crimes in which both spouses are participants." Marashi, 913 F.2d 724, 730 (9th Cir. 1990).

The Court lacks a sufficient record on which to conclude that either privilege will require severance of Drew and Svetlana Yim's trials. Svetlana Yim has suggested that she may testify that she did not know her husband was involved in trafficking drugs and that this may require her to divulge statements protected by the marital communications privilege. Drew Yim has suggested that if this occurs he will assert the marital privilege and bar Svetlana from testifying, as it would prejudice the jury to hear allegations he lied to his wife. As both defendants admit, this scenario is only hypothetical at this point in the proceedings. Svetlana Yim has not stated definitively that she will testify or that she will introduce communications made privately

between her and Drew Yim.  The Court RESERVES RULING on both Drew and Svetlana's Motions to Sever trials, as the marital privilege issue remains only a hypothetical problem.

The parties have alerted the Court to the fact that the government has recorded text messages between Drew and Svetlana Yim.  If the government intends to use these calls, it must supply them to the Court for in camera review to ensure that they will not raise any marital privilege issues.  The government must provide any such documents no later than March 1, 2011.

**Conclusion**

The Court finds the government improperly joined Count 9 with the other counts against Svetlana Yim.  The GRANTS Svetlana Yim's motion on this issue and severs Count 9 from the other Counts.  Trial on Count 9 will follow the trial on the other counts.  The Court DENIES Svetlana Yim's motion to sever the other Counts from one another.  The Court RESERVES RULING on both Drew Yim's and Svetlana's Yim's motion to sever trails, as any prejudice arising out of the marital communications privilege is as of yet merely hypothetical.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 19th day of January, 2012.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge