UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. 2:11-cr-00131-KKE |
|---|---|
| Plaintiff(s), | ORDER ON MOTION FOR EARLY TERMINATION OF PROBATION OR SUPERVISED RELEASE |
| v. | |
| DREW YIM et al., | |
| Defendant(s). | |

On October 15, 2024, Defendant Drew Yim filed a motion for permission to travel to Southeast Asia to visit his girlfriend's family and for early termination of his supervised release under 18 U.S.C. § 3583(e)(1). Dkt. No. 1134. For the reasons stated below, the Court grants in part and denies in part Mr. Yim's motion.

## I.  BACKGROUND

Mr. Yim was convicted of conspiracy to distribute cocaine, MDMA, methamphetamine, and other controlled substances, and was sentenced to 180 months in federal prison and 60 months on supervised release. Dkt. Nos. 754, 755. Specifically, Mr. Yim led a drug trafficking organization and supervised transport of controlled substances from Mexico, through the U.S. and into Canada. Dkt. No. 751 at 3–6. The Government characterized his criminal activities as "extraordinarily lucrative" and stated that "Mr. Yim and his organization were prepared to use violence to further his goals." Dkt. No. 1141 at 2. He was previously convicted for driving

offenses, and in one instance, for the unlawful manufacture and possession of explosive devices, one of which was detonated and injured a child.  *Id.*  His supervised release term started on April 14, 2023, and will expire on April 13, 2028.  Dkt. No. 1140.  He has completed 18 months out of his 5-year supervised release term.  *Id.*

Since his release, Mr. Lim has resided in Lynnwood, Washington with his mother, and maintained steady employment since April 30, 2024.  *Id.*  Per the conditions of his release, Mr. Yim provides pay stubs monthly to his probation officer and has produced consistent negative urinalysis tests.  *Id.*  His social network is confined to his family and his girlfriend, whose business he currently helps run.  *Id.*; Dkt. No. 1134 at 2.

In his motion, Mr. Yim seeks permission to travel abroad to visit his girlfriend's family and for early termination of his supervised release.  Mr. Yim argues that early termination is appropriate because he has had no violations or incidents during his probation term, has maintained sobriety, and presents neither a flight risk nor a danger to the community.  Dkt. No. 1134 at 2.  He states that he has no desire to violate his probation conditions and return to prison.  *Id.*  Rather, he requests that the Court authorize his travel to Southeast Asia so that he may meet his girlfriend's family.  *Id.*  He intends to provide a full itinerary to his probation officer.  In response, both the Government and the Probation Office do not oppose his request to travel, but object to early termination of his supervised term based on his history and the nature and circumstances of his offense.

## II.   ANALYSIS

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a defendant's term of supervised release after one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  To determine whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the

offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the sentencing range and type established by the Sentencing Commission, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e)(1) (citing factors listed in 18 U.S.C. § 3553(a)). Section 3583(e)(1) does not require a defendant to demonstrate "undue hardship" or "exceptionally good behavior." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Instead, the Court keeps in mind two principles in considering whether termination is warranted. First, supervised release after incarceration is meant to "improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–09 (2000). Second, supervised release should "fulfill[] rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59, 60 (2000).

While the Court has the authority to terminate Mr. Yim's supervision at this time, it finds that ending his probation would not be in the interest of justice. The Court commends Mr. Yim's admirable performance on supervised release, and notes that the Probation Office concluded that he "is a low risk to reoffend." Dkt. No. 1140 at 1. But compliance with his probationary terms is expected and does not alone support early termination. *See, e.g.*, *United States v. Molina*, No. CR15-0383-JCC, 2021 WL 915140, *1 (W.D. Wash. Mar. 10, 2021) (denying motion for early termination where defendant complied with his release conditions but provided no other reasons for his request); *United States v. Grossi*, No. CR-04-40127 DLJ, 2011 WL 704364, *2 (N.D. Cal. Feb. 18, 2011) (denying request for early termination where defendant cited compliance with probation terms and need to visit his elderly mother who lives outside of the district); *United States v. Thorpe*, No. 1:19-CR-00123-BLW, 2023 WL 2354876, *1 (D. Idaho Mar. 3, 2023) (denying early termination where defendant complied with probationary terms and was moved to the lowest risk level); *United States v. Hanich*, No. 2:14-CR-000140-BLW, 2023 WL 2354881, *1 (D. Idaho

Mar. 3, 2023) (denying early termination of a 5-year supervised release term based on conspiracy to distribute controlled substances "to ensure that [defendant] remains accountable to himself, the Court, and the community"). Indeed, Mr. Yim provides no other basis for his request. And the Court is not aware of, and the parties have not provided, analogous cases in which a defendant with substantially similar history and circumstances was granted early termination.

Further, several factors weigh against early termination, including his previous leadership role in a potentially violent, international drug trafficking operation, as well as his previous criminal history that led to a bystander's injury. The Court recognizes that while on probation, "there has been no indication that Mr. Yim is associating with negative peers" and that he has ties to Washington state through his mother and girlfriend. Dkt. No. 1139 at 1. However, as his Probation Officer notes, Mr. Yim has completed less than half of his supervised term, and continued supervision will allow Mr. Yim to continue this positive trajectory as he adjusts to his new post-confinement life. Thus, the Court agrees with the government and Probation that Mr. Yim's conduct and the interest of justice do not warrant early termination of supervised release under 3564(c) at this time.[1]

As to his request to travel, given Mr. Yim's progress in his efforts to reintegrate into society and the agreement of the government and Probation, the Court authorizes Mr. Yim to travel to Southeast Asia if he fully informs the Probation Office of his itinerary.

### III.  CONCLUSION

Accordingly, Defendant's motion is GRANTED IN PART AND DENIED IN PART. The Court denies Defendant's request for early termination but permits Mr. Yim to travel to Southeast

---

[1] The government notes that it may be amenable to agreeing to an early termination request in the future. Dkt. No. 1141 at 3.

ORDER ON MOTION FOR EARLY TERMINATION OF PROBATION OR SUPERVISED RELEASE - 4

Asia.  Mr. Yim shall provide the Probation Office with his travel plans, including where he will stay, and any contact information associated with his location abroad.

Dated this 4th day of November, 2024.

*Kymberly K. Evanson*
_____
Kymberly K. Evanson
United States District Judge